## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HENDY ROSNER,**<br><br>            **Plaintiff,**<br><br>      v.<br><br>**FALONI LAW GROUP, LLC,** *et al.*,<br><br>            **Defendants.** | Case No. 20–cv–10279–KM–ESK<br><br><br>**REPORT AND<br>RECOMMENDATION** |

**KIEL**, **U.S.M.J.**

This matter is before me on plaintiff Hendy Rosner's motion for an award of attorney's fees and costs (Motion). (ECF Nos. 12–15.) Defendants Faloni Law Group, LLC and First Portfolio Ventures I, LLC (Defendants) filed an opposition to the Motion (ECF No. 16), and plaintiff filed a reply brief in further support of the Motion (ECF No. 17). District Judge Kevin McNulty referred the Motion to me for a Report and Recommendation. For the following reasons, I recommend plaintiff be awarded $11,220 in legal fees and $675 in costs, for a total award of $11,895.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed the complaint in this matter on August 11, 2020. (ECF No. 1.) The complaint alleged that Faloni Law Group, LLC (Faloni) violated the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692, *et seq.*, while attempting to collect a debt owed by plaintiff to First Portfolio Ventures I, LLC (FPV). (*Id.*) Specifically, plaintiff alleged that Faloni served her with a dunning letter falsely claiming she owed $1,756.74 to FPV, in violation of the FDCPA. (*Id.* ¶¶40–44.)

Defendants filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6) on October 1, 2020. (ECF No. 4.) In

response to the motion, plaintiff filed an amended complaint (ECF No. 6) as of right under Rule 15(a)(1)(B).  As a result, the motion to dismiss the original complaint was administratively terminated without prejudice on October 22, 2020.  (ECF No. 7.)  Defendants filed an Answer on November 4, 2020.  (ECF No. 8.)

On or about November 1, 2020, Defendants served plaintiff with an offer of judgment pursuant to Rule 68 (Offer).  (ECF No. 9-1.)  In the Offer, Defendants offered to pay plaintiff a "total of $1,000 … plus reasonable attorney's fees, in full and complete satisfaction of all [p]laintiff's claims."  (*Id.*)  On November 11, 2020, plaintiff filed an acceptance of the Offer (Acceptance).  (ECF No. 9.)  On November 12, 2020, the Clerk of the Court entered judgment in accordance with Defendants' Offer and plaintiff's Acceptance.  (ECF No. 10.)

Plaintiff filed the Motion for an award of attorney's fees and costs totaling $15,245.  (ECF No. 12; ECF No. 17 p.9.)  The legal fees are comprised of 21.7 hours of work performed by Craig B. Sanders, Esq., at an hourly rate of $550, and 2.9 hours of work performed by Christina Garcia, a paralegal, at an hourly rate of $100.  (*Id.*)  In support of the Motion, plaintiff filed a "Firm Time and Cost Records," identified as "Exhibit 1," which details Mr. Sanders's and Ms. Garcia's "activities and action" for this matter.  (ECF No. 13 ¶ 15; ECF No. 13-1.)  Mr. Sanders's Declaration of November 27, 2020 avers that the time entries itemized in Exhibit 1 represent "necessary and reasonable efforts" of his firm, Barshay Sanders, PLLC, and was billed at "customary" hourly rates.  (ECF No. 13 ¶ 15.)

In opposition to the Motion, Defendants argue that the requested fees are "unreasonable, excessive to the point of unconscionable[,] and not in accordance with prevailing rates for the District of New Jersey."  (ECF No. 16 p.1.)

## DISCUSSION AND ANALYSIS

### I. STANDARD

Under the FDCPA, a consumer who is successful in a lawsuit against a debt collector "is presumptively entitled to an award of reasonable attorney's fees." 15 U.S.C. §1692(a)(3).[1] The purpose of the fee shifting provision is to attract competent counsel to prosecute violations of the FDCPA. *Zagorski v. Midwest Billing Serv., Inc.*, 128 F.3d 1164, 1167 (7th Cir. 1997). In the Third Circuit, the award of reasonable legal fees and costs associated with the prosecution of an FDCPA claim is mandatory, not discretionary. *Graziano v. Harrison*, 950 F.2d 107, 113–14 (3rd Cir. 1991), *overruled on different grounds*, *Riccio v. Sentry Credit, Inc.*, 954 F.3d 583 (3rd Cir. 2020) (collecting cases wherein courts awarded attorney's fees even where minimal violations did not warrant statutory damages).

"In a statutory fees case, '[t]he party seeking attorney's fees has the burden to prove that its request … is reasonable' by 'submit[ting] evidence supporting the hours worked and rates claimed.'" *United States ex rel. Palmer v. C&D Techs., Inc.*, 897 F.3d 128, 139 (3d Cir. 2018) (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). "[T]he party opposing the fee award then has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee." *Rode*, 892 F.2d at 1183 (citing *Bell v. United Princeton Props., Inc.*, 884 F.2d 713 (3d Cir. 1989)). Notably, the court cannot "decrease a fee award based on factors not raised at all by the adverse party." *Bell*, 884 F.2d at 720. "Once the adverse party raises objections to the fee request, the … court has a great deal of discretion to adjust the fee award in light of those objections." *Rode*, 892 F.2d at 1183 (citing *Bell*,

---

[1] Notably, in this case Defendants' Offer offered to pay plaintiff a "total of $1,000 … plus *reasonable* attorney's fees[.]" (ECF No. 9-1 (emphasis added).)

884 F.2d at 721). "The essential goal in shifting fees … is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

"Fees are presumed reasonable when calculated using the 'lodestar' method, by which a court assigns a reasonable hourly rate and multiplies that rate by the reasonable number of hours expended on the litigation." *Simring v. Rutgers*, 634 F. App'x 853, 857 (3d Cir. 2015) (citation omitted). "The multiplier is a device that attempts to account for the contingent nature or risk involved in a particular case and the quality of the attorney's work." *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 280 (3d Cir. 2009) (quoting *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305–06 (3d Cir. 2005)). The lodestar multiplier "need not fall within any pre-defined range, provided that the … Court's analysis justifies the award." *Rite Aid*, 396 F.3d at 307.

The Court must "determine the reasonableness of the hourly rate of 'the prevailing attorney in comparison to rates []for similar services by lawyers of reasonably comparable skill, experience, and reputation[] in the community.'" *Litton Indus., Inc. v. IMO Indus., Inc.*, 200 N.J. 372, 387 (2009) (quoting *Furst v. Einstein Moomjy, Inc.*, 182 N.J. 1, 22 (2004)); *see also Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984) (reasonable hourly rates should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation").

However, courts may adjust the lodestar based on several factors, including the following:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of alternative employment; (5) the customary fee for similar work; (6) the nature of the fee payment arrangement; (7) time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the attorney

4

>   client relationship; and (12) fee awards in similar cases.

*Pub. Int. Rsch. Grp. v. Windall*, 51 F.3d 1179, 1185 n.8 (3d Cir. 1995) (citation omitted). "The party seeking adjustment has the burden of proving that an adjustment is necessary." *Rode*, 892 F.2d at 1183 (citation omitted).

Plaintiff must be a "prevailing party" under the FDCPA to recover attorney's fees. *Norton v. Wilshire Credit Corp.*, 36 F.Supp.2d 216, 218 (D.N.J. 1999). "If … a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *see also Palmer*, 897 F.3d at 135 (affirming 10% reduction where settlement payment was approximately 6% of relator's demand). As such, "the most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436.

### II. PLAINTIFF'S COUNSEL'S HOURLY RATE AND TIME RECORDS.

A reasonable hourly rate is the "prevailing [rate] in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 896 n.11. Mr. Sanders seeks approval of an hourly rate of $550 for himself and $100 for his "paralegal."[2] Mr. Sanders has been practicing law since 1993 and is a member of the bar of a number of courts, including this Court. (ECF No. 14 pp.6, 7.) He has worked on over 1,000 FDCPA matters. (*Id.* p.7.) His "usual and customary" hourly rate is $550. (*Id.*)

---

[2] Christina Garcia's name appears in the Time Entries (ECF No. 13 p.4; ECF No. 13-1), while Angeliza Franco is identified as the "paralegal" in plaintiff's brief. (ECF No. 14 p.6.) There are no time entries for Ms. Franco.

In support of his request for an hourly rate of $550, [3] Mr. Sanders cites to the Community Legal Services of Philadelphia (CLS) fee schedule. Under the schedule, an attorney with 25 years of experience should have an hourly rate of $650 to $700. (*Id.*) Mr. Sanders also cites to the "Laffey Matrix," which "establishes that attorney[]s [who] practice for 21-30 years charge—on average—$595 per hour."[4] (*Id.* p. 8; ECF No. 13-2 p. 2.) The CLS fee schedule "has been approvingly cited by the Third Circuit[.]" *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001) (citation omitted). The rates quoted in the CLS schedule are "comparable to the fee schedules used to calculate attorney's fees in other FDCPA cases in this district." *See Bilazzo v. Portfolio Recovery Assocs., LLC*, 876 F.Supp.2d 452, 470 (D.N.J. 2012).

Plaintiff also cites to recent decisions from this Court awarding legal fees in similar cases to support the request for an hourly rate of $550. *See Khanna v. Sokoloff*, No. 15-06814, 2017 WL 825215, at *3 (D.N.J. Mar. 2, 2017) (finding an hourly rate of $525 in an FDCPA case to be reasonable and customary); *Shelton v. Restaurant.Com Inc.*, No. 10-00824, 2016 WL 7394025, at *4 (D.N.J. Dec. 21, 2016) (finding hourly rate of $520 reasonable for attorneys with 20 to 25 years of experience in a consumer law case); *Scanno v. F.H. Cann & Assocs., Inc.*, No. 16-05943, 2018 WL 6718580, at *1 (D.N.J. Dec. 6, 2018), *aff'd*, 794 Fed. App'x. 220 (3d Cir. 2019) (approving an hourly rate of $500 for an FDCPA case).

In opposition to the hourly rates requested, Defendants argue that this matter is a "routine FDCPA case" and its prosecution does not warrant a $550 hourly rate. (ECF No. 16 p. 7.) Defendants also argue that this matter is: (1) "very simple and [could have been] handled by associate attorneys"; (2) "straightforward and not based on any complicated legal theories"; and (3) not

---

[3] Since Mr. Sanders repeatedly references an hourly rate of $550 (ECF No. 14 pp. 6, 7), I presume the sole reference to an hourly rate of $500 was mistaken. (*Id.* p. 7.)

[4] The Laffey Matrix has been widely rejected in this District. *See Bilazzo v. Portfolio Recovery Assocs., LLC*, 876 F.Supp.2d 452, 470–71 (D.N.J. 2012).

6

about any "novel issues of law." (*Id.* pp. 7, 8.)  Defendants also cite to an hourly rate of $300 approved for Craig Kimmel, Esq., whose firm is "devoted … to consumer protection litigation[.]" (ECF No. 16 p. 8.) While Defendants' opposition relies on cases dating back to 10 years ago or more, those cases stand for propositions of law tending to support plaintiff's position on the Motion.[5]  (*Id.* pp. 5–8.)

After reviewing decisions from this District and the CLS schedule, I find that Mr. Sanders's hourly rate for the services rendered is reasonable.  Mr. Sanders is an experienced attorney, with particular expertise in the area of consumer protection law.  He has been practicing law for 28 years and has litigated over 1,000 FDCPA claims.  After Defendants sought to dismiss the case and once the pleadings settled, the parties elected to resolve this matter: Defendants served the Offer, and plaintiff later filed the Acceptance.  Thus, as to plaintiff's lawsuit pursuant to the FDCPA, Mr. Sanders obtained a successful result.  *Hensley*, 461 U.S. at 436.

Although this matter never became protracted, the purpose of the fee-shifting provision in the FDCPA statue would be frustrated if hourly rates were reduced merely because time was expended on "routine" matters such as reviewing dunning letters or drafting pleadings.  The purpose of the fee shifting provision is to attract competent counsel for FDCPA lawsuits.  *Zagorski*, 128 F.3d at 1167.  While this particular matter resolved at a relatively early stage of the litigation, attorneys take on these matters with the expectation that

---

[5] *See Levy v. Glob. Credit and Collection Corp.*, No. 10-04229, 2011 WL 5117855, at *3 (Oct. 27, 2011) (approving CLS fee schedule to calculate attorney's fees in FDCPA cases); *Windall*, 51 F.3d at 1185 n.8 (enumerating factors court may consider in adjusting the lodestar); *Weed-Schertzer v. Nudelman, Klemm & Golub*, No. 10-06402, 2011 WL 4436553, at *5 (Sept. 23, 2011) (noting that "if an offer of judgment states that attorney's fees are recoverable only to a specific date, that date controls"); *Stair v. Thomas & Cook*, No. 06-04454, 2009 WL 1635346, at *4 (D.N.J. June 10, 2009) (declining to impose downward adjustment on attorney's fee even where award yielded by the lodestar formula "is significantly larger than the modest damage award achieved herein").

7

substantial litigation proceedings could take place, and their particular experience will be needed to prosecute the claim. In addition, there is no evidence that an associate at Mr. Sanders's law firm, with a lower hourly rate, was qualified to represent plaintiff competently in the FDCPA action, or even available to assist in this matter. Where appropriate, Mr. Sanders did employ the services of a paralegal for various tasks and services.

As to the paralegal's services, however, plaintiff has not provided any additional information, including Ms. Garcia's biographical information. Although the services appear to be of the kind normally performed by a paralegal, plaintiff supplies no information by which the reasonableness of the $100 hourly rate can be measured. I do not know Ms. Garcia's educational background, experience as a paralegal, familiarity with FDCPA matters, or whether she has obtained a paralegal certification. Plaintiff also fails to identify the customary hourly rate (or even a range of rates) for paralegals in the community. I cannot determine and assign a reasonable hourly rate for Ms. Garcia with no information. As such, the paralegal's services will be excluded from the award. *Compare Smith v. Phila. Hous. Auth.*, 107 F.3d 223, 225 (3rd Cir. 1997) (noting court's "responsibility … to settle upon a reasonable hourly rate based solely upon a factual record"), *with Bilazzo*, 876 F.Supp.2d at 471 (although plaintiff failed to provide biographical information about a "paralegal," plaintiff argued that she was "more than just 'an untrained secretary[.]'").

### III. REASONABLE HOURS EXPENDED

Plaintiff is "not automatically entitled to compensation for all the time its attorneys spent working on the case." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 711 (3d Cir. 2005). "[R]ather, a court awarding fees must 'decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Id.* (citing *Windall*, 51 F.3d at 1188)).

Courts may also deduct hours that are not "adequately documented." *Norton*, 36 F.Supp.2d at 219 (citing *Hensley*, 461 U.S. at 433).

I reviewed each of Mr. Sanders's billing entries for this matter as set forth in Exhibit 1 filed in support of the Motion. (ECF No. 13-1.) I find each of the entries, along with the corresponding time spent on the particular activity described, to be reasonable, except for the following:

| Date | Orig. Time | Adj. Time | **Reasons for adjustment** |
|---|---|---|---|
| 6/25/20 | 0.3 | 0.0 | Time expended for receiving a signed retainer agreement and opening a file does not constitute legal service but is administrative in nature. |
| 8/6/20 | 0.5 | 0.0 | An amended complaint was filed in response to Defendants' motion to dismiss. Thus, the original complaint did not result in the successful resolution of this matter. |
| 8/6/20 | 3.6 | 1.8 | The review of the dunning letter and initial research relating to "debt-buyer cases" in the Third Circuit should not be novel areas for an attorney with Mr. Sanders's experience. Because several activities are lumped together for this time entry, I cannot practically allocate time spent for each activity. However, I find 50% of the time entered, or 1.8 hours, is sufficient time for the activities listed in this time entry. |
| 10/1/20 | 3.3 | 0.0 | As set forth above, the original complaint was replaced by the amended complaint, which was filed in response to Defendants' motion to dismiss. Thus, plaintiff's counsel's review of the papers in support of the motion to dismiss did not result in the successful resolution of this matter. |
| 10/1/20 | 1.2 | 0.6 | Services relating to the service of process should not be billed at an hourly rate of $550 because these activities are administrative in nature. Accordingly, I reduced the time by 50%. |

Prevailing parties are also entitled to the award of reasonable attorney's fees for the time spent preparing a fee petition. *See Institutionalized Juvs. v. Sec'y of Pub. Welfare*, 758 F.2d 897, 924-25 (3d Cir. 1985). I find that the time set forth for preparation and research relating to the Motion for legal fees—nine

hours—is reasonable. (ECF No. 31-1 p.2.) I have no basis to dispute the reasonableness of the time expended on the Motion. Mr. Sanders's Declaration of November 25, 2020 avers the time billed represents "necessary and reasonable efforts" by Mr. Sanders and his firm in prosecuting plaintiff's FDCPA case and the fee application. (*Id.* ¶ 15.) The Motion and reply brief are detailed, thorough, and specifically tailored to plaintiff's case.

Defendants' opposition, on the other hand, makes no specific objections to Mr. Sanders's time entries. (ECF No. 16.) Plaintiff argues that Defendants' failure to specifically object to any entries should not prompt my *sua sponte* review of the entries. However, Defendants did in fact challenge the Motion and, ultimately, I have broad discretion in fashioning a reasonable award of attorney's fees under the FDCPA. *Bell*, 884 F.2d at 721. Moreover, Defendants' Offer, which plaintiff accepted, calls for the reimbursement of "reasonable attorney's fees … " (ECF No. 9-1 ¶ 1.) Plaintiff's entitlement to reasonable attorney's fees was never qualified in the Offer, or otherwise limited by the parties. *See Bilazzo*, 876 F.Supp.2d at 459–62 (legal fees for preparation of the fee petition was not compensable because the offer of judgment that was accepted limited the reasonable attorney's fees "through the date of this Offer of Judgment").

Plaintiff also seeks the award of $2,860 in legal fees for the preparation of the reply brief filed in response to Defendants' opposition and in further support of the Motion. Having reviewed the submission, I find that the 5.2 hours expended by Mr. Sanders in preparing the reply brief is reasonable.

## IV. CALCULATION

Plaintiff seeks $11,440 for 21.7 hours of services performed by Mr. Sanders from the inception of this matter through the filing of the Motion and reply brief.[6]

---

[6] Mr. Sanders refers to an hourly rate of "$550/$100." (ECF No. 13 ¶ 17; ECF No. 17 p.9.) There is, however, no instance in the time entries where Mr. Sanders charges an hourly rate of $100. (ECF No. 13-1.)

As set forth above, I will deduct 6.5 hours from the total of 21.7 hours. Multiplying 15.2 hours with $550 yields $8,360.  Adding the $2,860 for legal fees for preparation of the reply brief yields $11,220.  Also, because Defendants do not oppose the request for costs of $675 (ECF No. 17 p. 9), this amount will be added to the award.

Accordingly,

### RECOMMENDATION

I recommend that the Motion be **GRANTED** and legal fees and costs in the amount of $11,895 be awarded to plaintiff.[7]  I also recommend that this matter (Civil Action No. 20-10279) be **CLOSED**.

The parties have **14 days** to file and serve any objections to this Report and Recommendation pursuant to Local Civil Rule 72.1(c)(2).

                                               */s/ Edward S. Kiel*
                                               **EDWARD S. KIEL**
                                               **UNITED STATES MAGISTRATE JUDGE**

Date: February 8, 2021

---

[7] Plaintiff also requested, through the Motion, that the award include the $1,000 settlement of "statutory damages" for the underlying FDCPA claim.  (ECF No. 17 p. 9.)  The judgment for "statutory damages" was previously entered by the Clerk of the Court on November 12, 2020.  (ECF No. 10.)

11